USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA ex rel.    :
NAJMUDDIN PERVEZ,                    :           06 Civ. 4989 (LAP)
                                    :
                Plaintiff,          :
                                    :    MEMORANDUM AND ORDER
        -against-                   :
                                    :
MAIMONIDES MEDICAL CENTER and       :
ERNST & YOUNG LLP,                  :
                                    :
                Defendants.         :
------------------------------------X


Loretta A. Preska, Chief United States District Judge:

        Plaintiff Najmuddin Pervez ("Plaintiff") brings this

qui tam action on behalf of the United States of America

("United States") under the False Claims Act ("FCA"). 31

U.S.C. §§ 3729-3733 (2006).  Plaintiff alleges that

Maimonides Medical Center ("Maimonides") and Ernst & Young

LLP ("E&Y") (collectively "Defendants") engaged in

fraudulent conduct over the course of more than ten years

causing the United States to pay millions of dollars in

Medicare reimbursement claims to which Maimonides was not

entitled.  On September 23, 2008, the United States

declined to intervene in the case, and the Complaint was

unsealed.  Plaintiff served the Complaint on Maimonides on

September 4, 2009.  Maimonides now moves to dismiss the

Complaint with prejudice pursuant to Fed. R. Civ. P. 41(b)

on the ground that Plaintiff failed to prosecute this action without excuse. Alternatively, Maimonides moves to dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) on the ground of deficient process under Fed. R. Civ. P. 4(m). For the reasons set forth below, Maimonides' motion to dismiss the Complaint with prejudice is DENIED, and Maimonides' motion to dismiss the Complaint without prejudice is GRANTED.

I.    BACKGROUND

The FCA proscribes, inter alia, presentation to the United States of false claims for payment. 31 U.S.C. § 3729(a)(1)(A) (2006). A claim under the FCA may be brought by either the United States or by a private person on its behalf. 31 U.S.C. § 3730(b)(1) (2006). Plaintiff commenced this action on June 28, 2006 by serving the Complaint under seal on the United States. (Declaration of Philip Michael ("Michael Decl.") Ex. A.) Following service of a qui tam complaint, the Government may choose to intervene and proceed with the action within sixty days or move the court, with good cause, to extend the duration of the seal. 31 U.S.C. §§ 3730(b)(2)-(3). The Court granted three motions on behalf of the United States to extend the duration of the seal in this case. (Memorandum of Law in

2

Support of Defendant Maimonides Medical Center's Motion to
Dismiss ("Def. Memo.") 6-7.) On April 9, 2008, the United
States notified Plaintiff and the Court that it declined to
intervene in the case. (Id. at 7.) The Court unsealed the
Complaint on September 23, 2008 and instructed Plaintiff to
notify the Court of the status of the action by October 6,
2008 [dkt. no. 8].

On August 28, 2009, the Court faxed a copy of the
order unsealing the Complaint to Plaintiff's counsel in an
effort to ascertain the status of the action. (Id.)
Plaintiff's counsel responded to the Court by a letter
dated September 1, 2009. (Plaintiff's Memorandum of Law in
Opposition to the Motion of Defendant Maimonides Medical
Center to Dismiss ("Pl. Memo.") 5.) In this letter,
Plaintiff's counsel notified the Court that prosecution of
this action was delayed due to "a substantive discussion
[he had] been having for the last year, in writing and
orally, with the Office of the United States Attorney, on
another case, but on an issue, 'place of service,' which is
a prominent issue in this matter as well." (Michael Decl.
Ex. D.) The Court endorsed the letter the following day
and instructed Plaintiff's counsel to inform the Court by
letter when service is effected [dkt. no. 20]. On

3

September 4, 2009, Plaintiff served Maimonides with a copy of the Complaint [dkt. no. 21].

## II. DISCUSSION

### A. Maimonides' Motion to Dismiss With Prejudice for Failure to Prosecute

A district court is authorized to dismiss a complaint if a plaintiff fails to prosecute the case. Fed. R. Civ. P. 41(b). A plaintiff may be subject to dismissal for failure to prosecute for either allowing an action to lie dormant with no significant activity or for engaging in a pattern of dilatory tactics. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Unless otherwise indicated, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Therefore, "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (noting that dismissal for failure to prosecute is "pungent, rarely used, and conclusive").

In determining whether to dismiss a claim with prejudice due to a plaintiff's failure to prosecute, courts

4

must consider five factors: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant is likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion outweighs plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions are appropriate. SEC v. Shehyn, No. 04 Civ. 2003(LAP), 2008 WL 6150322, at *5 (S.D.N.Y. Nov. 26, 2008) (citing Drake, 375 F.3d at 254). "No one factor is dispositive, and ultimately [courts] must review the dismissal in light of the record as a whole." Drake, 375 F.3d at 254.

Viewing the record in light of these five factors leads the Court to conclude that dismissal with prejudice for failure to prosecute is unwarranted here.

1. Duration

The first factor, whether Plaintiff's failure to prosecute caused significant delay, weighs in favor of dismissal. There are two components to the first factor: (1) whether the failures were those of the plaintiff, and (2) whether those failures were of significant duration. Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). In a qui tam case brought under the FCA, the plaintiff is

5

divested of authority over the prosecution of the case until the United States declines to intervene and the complaint is unsealed. See 31 U.S.C. § 3730(b).  Therefore, Plaintiff may be held responsible only for the delay following the unsealing of the Complaint on September 23, 2008.  It is undisputed that the delay following the unsealing of the Complaint was voluntary. (Michael Decl. Ex. D.)  Although Plaintiff offers a rationale for his inaction, he does not argue that the delay was caused by forces outside of his control. (Id.)

The delay was also of significant duration; 346 days elapsed between the unsealing of the Complaint and service on Maimonides. (Def. Memo. 7-8.)  Lesser delays have been deemed sufficient to justify dismissal with prejudice. See Lyell, 682 F.2d at 42-43 (noting that dilatory conduct "may warrant dismissal after merely a matter of months or may stretch out over a period of years") (citations omitted). The duration of the delay, although weighing in favor of dismissal, is only one relevant consideration. See Drake, 375 F.3d at 255 ("If duration were the only factor, we would have no hesitation in affirming the district court's dismissal.").

## 2. Notice

The second factor requires the Court to consider
whether Plaintiff was put on adequate notice that he faced
dismissal of his claim in the event of further delay.  This
factor contemplates a specific warning from the court that
dismissal with prejudice is imminent. See, e.g., Drake, 375
F.3d at 255 (holding that court's warning that the case
would be dismissed if plaintiff did not submit an adequate
explanation for his past delay did not provide sufficient
notice that he faced dismissal for any future delay);
Lyell, 682 F.2d at 42 (noting that plaintiff cannot deny
being on notice after being warned several times that
dismissal was possible); Jackson, 22 F.3d at 75 (finding
adequate notice when the Court warned plaintiff
specifically that failure to comply with an order would
result in dismissal under Rule 41(b)).  Aside from the
Order unsealing the Complaint, the Court's only
communication with Plaintiff occurred on August 28, 2009,
seven days before Plaintiff served Maimonides with the
Complaint. Having received no other communication from the
Court prior to this date, Plaintiff was not on notice that
his delay in serving the Complaint made dismissal with
prejudice imminent.

Maimonides argues that Plaintiff was put on notice of the possibility of dismissal by the Court of Appeals' decision in Drake, dismissing certain qui tam claims for failure to prosecute. (Def. Memo. 12-13.) This, of course, is not the type of notice that the courts contemplate when considering whether dismissal is an appropriate sanction. The sanction of dismissal for failure to prosecute is an available sanction in any case. The fact, therefore, that a Court of Appeals case recently dismissed claims similar to Plaintiff's is irrelevant. Rather, the Court must consider whether Plaintiff was on notice that dismissal was being contemplated in his case. Here, Plaintiff was given no such notice, and, accordingly, this factor weighs against dismissal.

### 3. Prejudice

The third factor requires the Court to consider the degree to which the defendant will be prejudiced by delay. Significantly, Maimonides has not claimed to be subject to any actual prejudice due to Plaintiff's delay. Rather, Maimonides seeks to avail itself of a presumption of prejudice as a matter of law. (Def. Memo. 13.) Maimonides is correct that "[p]rejudice may be presumed as a matter of law in certain cases." Drake, 375 F.3d at 256; see also

8

Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999)
("[D]elay by one party increases the likelihood that
evidence in support of the other party's position will be
lost and that discovery and trial will be made more
difficult."). Because the events giving rise to this
litigation occurred between 1995 and 2004, there is, in
fact, a risk that further delay will prejudice Maimonides'
ability to defend against this action as the events recede
further into the past and evidence becomes more stale. See
Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176,
177 (2d Cir. 2008) (noting that prejudice to defendant from
further delay was likely where salient events occurred
thirteen years in the past).

However, the presumption of prejudice "turns on the
degree to which the delay was lengthy and inexcusable. In
cases where delay is more moderate or excusable, the need
to show actual prejudice is proportionally greater." Drake,
375 F.3d at 256 (internal quotation marks and citation
omitted). For example, in Shannon, prejudice against the
defendant was presumed when the plaintiff failed to amend
his complaint for two years and then failed to respond to
the court's notice that the case would be dismissed if
there were further delays. 186 F.3d at 194-95. Similarly,
in Lyell, the plaintiff repeatedly failed to comply with

9

court orders over the course of seven years, despite being warned that dismissal was being contemplated. 682 F.2d at 43. Although this case is old, Plaintiff is responsible only for the latest delay of 346 days. In light of the extensive delays already granted the United States, it is unlikely that this latest delay has further prejudiced Maimonides in any substantial manner. Further, although a "plaintiff's hopelessly belated compliance should not be accorded great weight," the Complaint has been served, and future voluntary delays by Plaintiff appear unlikely given his prompt response to the Court's Order. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979).

In considering the degree of prejudice against the defendant, the extent to which the plaintiff's conduct was contumacious must also be considered. See Drake, 375 F.3d at 257 ("While there is no question that [the plaintiff's] delay was both lengthy and inexcusable, it was plainly less contumacious than the delays in either Shannon or Lyell."). Although Courts in the Second Circuit have dismissed cases for failure to prosecute following a delay of similar length to the delay at issue here, such dismissal generally follows a plaintiff's disregard of a specific court order. See, e.g., Ruzsa, 520 F.3d at 177 (affirming dismissal

10

granted after plaintiff failed to respond for seven months after court ordered him to file an amended complaint); Chira, 634 F.2d at 666 (dismissing plaintiff's case following a six month delay in responding to several discovery orders).

Here, although Plaintiff undoubtedly has been less than diligent in prosecuting his claim, the delay is less inexcusable than a delay in the face of a court order compelling specific action. Accordingly, the Court finds that a presumption of prejudice is not warranted.

### 4. Balance Between Calendar Congestion and Opportunity to Be Heard

The fourth factor requires the Court to consider the balance between calendar congestion and Plaintiff's right to prosecute his case. Although Maimonides is correct that the Southern District of New York suffers from docket congestion, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado v. City of N.Y., 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has forced the Court to issue one Order. Although this was a waste of judicial resources,

the overall effect on calendar congestion was minimal.
This factor, then, does not weigh in favor of dismissal.

### 5.   Consideration of Lesser Sanctions

The fifth factor requires the Court to consider
whether lesser sanctions would remedy the prejudice
suffered by the defendant due to the plaintiff's delay.
Chira, 634 F.2d at 665 ("[A] district judge should employ
[dismissal for failure to prosecute] only when he is sure
of the impotence of lesser sanctions."). The Court has no
reason to suspect that Plaintiff would not be responsive in
the event that lesser sanctions or court orders were
imposed. Given that Plaintiff promptly responded to the
Court's only order issued in response to his delay, this
case is clearly not analogous to those where lesser
sanctions were found to be useless. See, e.g., Feurtado,
225 F.R.D. at 480 (holding that "repeated violation of
orders of this Court leads to the inexorable conclusion
that no sanction short of dismissal would effectively
address [plaintiff's] conduct."); Antonios A. Alevizopoulos
& Assoc., Inc. v. Comcast, No. 99 Civ. 9311(SAS), 2000 WL
1677984, at *4 (S.D.N.Y. Nov. 08, 2000) (finding dismissal
appropriate where plaintiff "has proven repeatedly that no
lesser sanction would change his behavior and inspire him

12

to prosecute his case diligently"); Smith v. Human Res.
Admin. of N.Y. City, No. 91 Civ. 2295(MGC), 2000 WL 307367,
at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions
inappropriate where multiple court orders did not prompt
plaintiff to move the case forward). Accordingly, this
factor weighs against dismissal.

Viewing the record as a whole, and having considered
each of the relevant factors, the Court concludes that
dismissal with prejudice for failure to prosecute is an
inappropriate sanction at this time. Maimonides' motion to
dismiss pursuant to Rule 41(b) is DENIED.

B.    Maimonides' Motion to Dismiss Without Prejudice
      for Insufficient Process

In the alternative, Maimonides has moved to dismiss
the Complaint without prejudice due to deficient service of
process under Fed. R. Civ. P. 4(m). The burden rests on
the plaintiff to serve a summons and complaint upon the
defendant within the time allowed by Rule 4(m), 120 days.
Fed. R. Civ. P. 4(c)(1). When the sufficiency of service
of process is challenged, the burden of proof to show
compliance rests with the plaintiff. Bey v. U.S. Postal
Serv., No. 03 CV 4081(LAP), 2005 WL 2923516, at *1
(S.D.N.Y. Nov. 04, 2005). In a qui tam case, the 120-day
period begins after the court unseals the complaint. See,

e.g., Mills ex rel. United States v. New York, No. 98 Civ.
1326(LBS), 2000 WL 863451, at *1-2 (S.D.N.Y. June 28,
2000); United States ex rel. Bowman v. Computer Learning
Ctrs., 73 F. App'x 735, 736 (5th Cir. 2003); United States
ex rel. Cody v. Computer Scis. Corp., 246 F.R.D. 22, 26-27
(D. D.C. 2007).  In the event that the plaintiff fails to
show that the complaint was served in accordance with Rule
4(m), the Court must dismiss the complaint without
prejudice or order that service be made within a specified
time. Fed. R. Civ. P. 4(m).  If Plaintiff demonstrates
"good cause" for his delay, the Court must extend the time
for service for an appropriate period. Zapata v. City of
N.Y., 502 F.3d 192, 197 (2d Cir. 2007); Deptuch v. Abraham
Joshua Heschel School, No. 06 Civ. 6000(LAP), 2007 WL
4462194, at *1 (S.D.N.Y. Dec. 17, 2007).  In the absence of
good cause, the Court may grant an extension, though it is
not required to do so. Deptuch, 2007 WL 4462194, at *1.
"Good cause or excusable neglect is generally found only in
exceptional circumstances where plaintiff's failure to
serve process in a timely manner was the result of
circumstances beyond his control." McKibben v. Credit
Lyonnais, No. 98 Civ. 3358(LAP), 1999 WL 604883, at *3
(S.D.N.Y. Aug. 10, 1999). See also Zapata, 502 F.3d at 198
("[T]he plaintiff must ordinarily advance some colorable

14

excuse for neglect."). The neglect of a plaintiff's
attorney does not constitute good cause for a plaintiff's
failure to serve the complaint in a timely manner. See Bey,
2005 WL 2923516, at *2 ("[A]n attorney's inadvertence,
neglect, mistake, or misplaced reliance does not suffice to
establish good cause for failure to make proper service
within 120 days.").

Plaintiff's Complaint was unsealed on September 23,
2008. (Michael Decl. Ex. C.) Plaintiff was thus required
to serve the Complaint before January 21, 2009. By waiting
to serve the Complaint until September 4, 2009, Plaintiff
exceeded the 120-day period by 226 days. Plaintiff admits
that the delay was entirely voluntary and concedes that no
circumstances beyond his control dictated that he not serve
the Complaint earlier. (Id. Ex. D.) Plaintiff also failed
to petition the Court for an extension of time to execute
service.

In an attempt to show good cause, Plaintiff relies on
the letter sent to the Court in explanation of his delay,
explaining that "the delay was the result of [plaintiff's
counsel's] substantive discussions with the Government on
another case, but involving an issue, 'place of service,'
which is a prominent issue in this case." (Pl. Memo. 1.)
Plaintiff contends that this delay was, in fact, beneficial

15

to Maimonides because the outcome of these discussions

potentially would have led Plaintiff to delete certain

claims from the Complaint. (Id. at 1-2.)  It is, of course,

not Plaintiff's counsel's prerogative to decide when and

when not to comply with the Federal Rules of Civil

Procedure.  The proper course of conduct would have been to

serve the complaint in a timely manner and put Maimonides

on notice of the claims against it, regardless of whether

some of those claims would ultimately be voluntarily

dismissed.  Alternatively, Plaintiff could have submitted

an appropriate request to the Court for an extension of

time.

     Plaintiff also argues that the Court implicitly

granted him an extension of time to serve the Complaint by

its order issued September 2, 2009. (Pl. Memo. 16-17.)

Plaintiff is incorrect.  The fact that the Court declined

to dismiss the case sua sponte and instead elected to

permit Plaintiff an opportunity to serve the Complaint and

Maimonides an opportunity to make any relevant motions,

does not mean the Court condoned Plaintiff's delay or

precluded Maimonides from moving the Court to dismiss the

case on the ground of insufficient process.

     Because Plaintiff has failed to offer any colorable

excuse for his neglect, the Court declines to exercise its

16

discretion to extend the allowable time period to serve the Complaint. See Zapata, 502 F.3d at 199 (holding that district court did not abuse its discretion in denying the plaintiff's request for an extension of time when the plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay"). Therefore, Maimonides' motion to dismiss the Complaint without prejudice on the ground of insufficient service of process is GRANTED.

17

## Conclusion

For the foregoing reasons, Maimonides' motion to
dismiss [dkt. no. 25] is GRANTED, and Plaintiff's complaint
against Defendants is dismissed in its entirety without
prejudice. The Clerk of Court shall mark this action CLOSED
and all pending motions DENIED as moot.


SO ORDERED:

DATED:     New York, New York
           February    , 2010
           March  8

                              LORETTA A. PRESKA, Chief U.S.D.J.

18