10-1334-cv
United States of America, ex rel. Najmuddin Pervez v. Maimonides Medical Center

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of  March, two thousand eleven.

Present:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
                *Circuit Judges*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 14, 2011

_____

UNITED STATES OF AMERICA,
ex rel. NAJMUDDIN PERVEZ,

    *Plaintiff-Appellee*,

      v.                                                                     No.  10-1334-cv

MAIMONIDES MEDICAL CENTER,

    *Defendant-Appellant,*

DEF, ERNST & YOUNG, LLP,

    *Defendants.*

_____

For Plaintiff-Appellee:                  PHILIP R. MICHAEL, Michael Law Group, New York, N.Y.

| | |
|---|---|
| For Defendants-Appellants: | JAMES F. SEGROVES (Edward S. Kornreich and Roger A. Cohen, New York, N.Y., *on the brief*), Proskauer Rose LLP, Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Maimonides Medical Center ("Maimonides") appeals from the March 12, 2010 judgment of the district court dismissing the complaint without prejudice pursuant to Rule 12(b)(5) for insufficient service of process. On appeal, Maimonides argues that the district court abused its discretion in denying its motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). We assume the parties' familiarity with the facts and procedural history of this case.

An action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant without any significant activity or has engaged "in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). We have observed that "dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980) (stating that dismissal for failure to prosecute is "pungent, rarely used, and conclusive").

We review a district court's denial of a motion to dismiss under Rule 41(b) for abuse of discretion. *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).

To determine whether to dismiss a claim with prejudice pursuant to Rule 41(b), courts apply the well-established, five-factor *Drake* test: "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *Drake*, 375 F.3d 254 (citations omitted).

Upon our review of the record, we conclude that the district court's application of the *Drake* factors was a proper exercise of its discretion. The district court therefore did not abuse its discretion in denying Maimonides's motion to dismiss with prejudice pursuant to Rule 41(b). We have considered Maimonides's remaining arguments and find them to be without merit. For substantially the reasons stated by the district court in its opinion dated March 9, 2010, *United States ex rel. Pervez v. Maimonides Med. Ctr.*, No. 06 Civ. 4989(LAP), 2010 WL 890236 (S.D.N.Y. Mar. 9, 2010), the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit